UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

T-MOBILE CENTRAL, LLC,

        Plaintiff,

Case No. 5:06-CV-62

v.

Hon. Richard Alan Enslen

MILTON TOWNSHIP,

**ORDER**

        Defendant.

_____/

      This matter is before the Court on Plaintiff T-Mobile Central, LLC's Motion for Summary Judgment as to Count Two of its Complaint (claim for administrative appeal of zoning denial). The Motion has been fully briefed and oral argument is unnecessary. *See* W.D. Mich. L. Civ. R. 7.2(d).

      Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In considering all such motions, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

      Consideration of the present record shows that Defendant Milton Township's Board of Zoning Appeals denied Plaintiff's March 13, 2006 application for a zoning variance concerning a

dimension variance from the Township's requirement that mobile towers be located not closer than four miles from other towers. Plaintiff claims that this denial was in violation of state law. Defendant in response, however, has consented to reverse the variance denial so that Plaintiff can proceed with the administrative review process by presenting a site plan to the Milton Township Planning Commission for review. Plaintiff, in its Reply, expresses concern that this process was suggested not for legitimate purposes, but to "set T-Mobile up for another round of review by which it can again deny T-Mobile a permit . . . ." (Reply 6.)

While the Court acknowledges Plaintiff's concerns, there is nothing in the record to support that this concession was improperly motivated or will not result in legal review by the Planning Commission. Furthermore, the Court finds that it would be premature to order the granting of permits in advance of the exhaustion of the entire Planning Commission process. Should the process not be completed in a lawful manner, Plaintiff is free to seek to amend its Complaint to request additional relief based upon such occurrences.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff T-Mobile Central, LLC's Motion for Summary Judgment (Dkt. No. 26) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 26, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |